# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

ELSHAN HAJIYEV,

Petitioner,

v.

FERETI SEMAIA et al.,

Respondents.

Case No. 5:26-cv-02789-DFM

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

## I.   INTRODUCTION

On May 22, 2026, Petitioner Elshan Hajiyev filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). On June 1, 2026, Respondents filed an Answer. See Dkt. 9 ("Answer"). On June 2, 2026, Petitioner filed a Traverse. See Dkt. 8. The parties consented to have a United States Magistrate Judge conduct all proceedings in this case. See Dkts. 2, 4, 7.

For the reasons set forth below, the Petition is **GRANTED** and Respondents are **ORDERED** to release Petitioner from custody within three (3) days, on the same conditions under which he was previously released.

## II.   BACKGROUND

As Respondents do not contest Petitioner's version of the facts and have declined to present any opposition argument as to Petitioner's claims, the

Court therefore treats the material factual allegations of the Petition as uncontested.

Petitioner is a citizen of Azerbaijan and actively participated in protests against the Azerbaijani government and its policies. See Petition ¶¶ 13, 44. Petitioner fled Azerbaijan, coming to the United States to seek asylum. See id. ¶ 1. On or about May 7, 2022, Petitioner entered the United States and was briefly detained by Respondents. See id. ¶ 2. On May 12, 2022, Respondents released Petitioner on conditional parole through release on his own recognizance. See id.

Following his release, Petitioner filed an application for asylum on June 22, 2022. See id. Respondents issued Petitioner employment authorization. See id. ¶ 50. Petitioner's application was denied by the Immigration Judge on April 4, 2026; Petitioner filed an appeal on May 1, 2026. See id. ¶¶ 2, 51.[1] There is no final order of removal in this case. See id. Petitioner alleges that he has no criminal history. See id. ¶ 57.

During a regularly scheduled check-in, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody on May 16, 2026. See id. ¶¶ 3, 52. Petitioner alleges that Respondents did not make an individualized determination that Petitioner was a flight risk or a danger to the community. See id. Petitioner alleges that he was given neither notice that his parole was being revoked, nor a pre-detention hearing to determine if the facts of his release had changed such that he is a flight risk or a danger to the community. See id. ¶ 53. Petitioner is currently detained in Adelanto, California. See id.

---

[1] Information available to the Court indicates that an Immigration Judge ordered Petitioner removed on April 4, 2024 and a case appeal was received on May 1, 2024, which is "currently pending." https://acis.eoir.justice.gov/en/ (search A-Number: "220-726-653," Nationality: "Azerbaijan") (last accessed June 2, 2026).

¶ 14; https://locator.ice.gov/odls/#/search (search A-Number: "220-726-653," Nationality: "Azerbaijan") (last accessed June 2, 2026).

Petitioner asserts two claims: (1) violation of procedural due process under the Fifth Amendment; and (2) violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A). See Petition at 17-20. He seeks, inter alia, release from custody. See id. at 20-21.

In their Answer, Respondents do not contest the substance of the Petition. Respondents state: "[t]he Respondents are not presenting an opposition argument at this time." Answer at 2.

### III.   DISCUSSION

The Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is "in custody" and challenges the constitutionality of that physical confinement. See Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

### A.   Due Process

Noncitizens physically present in the United States are protected by the Due Process Clause of the Fifth Amendment. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." Id. at 690 (citation omitted).

In Morrissey v. Brewer, the Supreme Court recognized that the decision to release a person from custody creates "at least an implicit promise that parole will be revoked only if he fails to live up to the parole conditions," generating a liberty interest that "is valuable and must be seen as within the protection of" due process. 408 U.S. 471, 482 (1972). District courts in this circuit have consistently held that this principle extends to noncitizens released by immigration authorities pending removal proceedings. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on

preparole, parole, and probation status have a liberty interest, so too does [petitioner] have a liberty interest in remaining out of custody on bond." (citations omitted)); Garro Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody." (citation omitted)); Guillermo M.R. v. Kaiser, 791 F. Supp. 3d 1021, 1031 (N.D. Cal. 2025) ("The fact that [p]etitioner is subject to discretionary conditions of release likewise does not mean he lacks a protectable liberty interest and can be re-detained without process.").

Petitioner was released on conditional parole on May 12, 2022, when ICE determined that his release was warranted. See Petition ¶ 2; Dkt. 1-1. Since then, Petitioner obtained employment authorization, applied for asylum, and complied with ICE check-in requirements. See id. ¶¶ 2, 50, 63-64. His release and period of conditional freedom created a constitutionally protected liberty interest in remaining out of detention. See Doe v. Becerra, 787 F. Supp. 3d 1083, 1093-94 (E.D. Cal. 2025).

Petitioner was re-detained in mid-May 2026, apparently without notice or a pre-detention hearing. Respondents have not identified any change in the circumstances that prompted Petitioner's re-detention. Respondents have not presented any argument in opposition to the Petition.

**B.   The _Mathews_ Factors Weigh in Favor of Petitioner**

To determine what procedures are constitutionally required to protect a liberty interest, courts apply the three-part test established in Mathews v. Eldridge, 424 U.S. 319, 335 (1976): (1) the private interest affected by the official action; (2) the risk of erroneous deprivation through the procedures used and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the fiscal and administrative

burdens of additional procedural requirements. The Ninth Circuit has observed that Mathews is "a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (citations omitted).

First, Petitioner has a significant private interest in remaining free from detention. He lived out of detention for approximately four years after his release. During that time, he obtained employment authorization, applied for asylum, and complied with ICE check-in requirements. See Petition ¶¶ 2, 50, 63-64. Petitioner's continued liberty interest in remaining on release is undermined by his immigration detention without a pre-detention hearing. See Doe, 787 F. Supp. 3d at 1093-94. This factor weighs strongly in Petitioner's favor.

Second, the risk of erroneous deprivation is considerable. Based on the record before the Court, Petitioner did not receive an individualized hearing before a neutral decisionmaker prior to his re-detention, nor does the record indicate that Petitioner received a post-detention custody redetermination hearing. See Petition ¶ 53. Respondents have not identified any reason for the re-detention; nor have they alleged any violation of the conditions of release or any change in circumstances. Because there have been no procedural safeguards to determine whether Petitioner's re-detention is justified, the risk of erroneous deprivation is high. See Doe, 787 F. Supp. 3d at 1094. This factor weighs strongly in Petitioner's favor.

Third, the Government's interest in detaining Petitioner without a pre-deprivation hearing is low. See Hasratyan v. Bondi, No. 26-210, 2026 WL 288909, at *4 (C.D. Cal. Feb. 2, 2026). While the Government has a "significant" interest in enforcing its immigration laws, Rodriguez Diaz, 53 F.4th at 1209, that interest is diminished where, as here, Petitioner lived in the community for approximately four years and has a pending appeal of the

denial of his asylum application with the Board of Immigration Appeals. See Petition ¶ 51; https://acis.eoir.justice.gov/en/ (search A-Number: "220-726-653," Nationality: "Azerbaijan") (last accessed June 2, 2026).[2] The effort and cost required to provide Petitioner with procedural safeguards before re-detention—rather than simply detaining him at a check-in without any hearing—is minimal. See Doe, 787 F. Supp. 3d at 1094.

All three Mathews factors weigh in Petitioner's favor. Respondents' re-detention of Petitioner without any hearing before a neutral decisionmaker violated his procedural due process rights under the Fifth Amendment.

## C.   Remedy

Having concluded that Respondents violated Petitioner's procedural due process rights, the Court turns to the appropriate remedy.

After applying the Mathews test, the Supreme Court "usually has held that the Constitution requires some kind of a hearing before the State deprives a person of liberty or property." Zinermon v. Burch, 494 U.S. 113, 127 (1990) (citations omitted). Certainly, there may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate. See id. at 128. However, absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process. See Guillermo M. R., 791 F. Supp. 3d at 1036.

Here, based on the record before the Court, Respondents have made now showing of any urgency that would justify by passing pre-detention process. Petitioner was apprehended at a routine check-in he had voluntarily attended, and Respondents have identified no individualized basis for the re-detention. The Court accordingly concludes that Petitioner's detention without a pre-deprivation hearing rendered his current confinement unlawful. To the extent Respondents would argue that Petitioner is entitled only to a bond

---

[2] See note 1, supra.

hearing, this argument "misapprehend[s] the purpose of a pre-detention hearing: if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid." Jorge M.F. v. Jennings, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021); see also E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025).

The Court's order is limited to remedying the procedural due process violation that has occurred. Petitioner requests that the Court also enjoin his re-detention "without further order of this court." Petition at 21. The Court declines to do so. The Court takes no position on whether, or under what circumstances, Respondents may lawfully seek to re-detain Petitioner in the future. That question is not presented on this record and would depend on facts and circumstances not currently before the Court, including any changed circumstances, the procedures employed, and the statutory authority invoked. The Court's ruling today addresses only the lawfulness of Petitioner's current detention, which began on May 16, 2026, and which the Court concludes violates the Fifth Amendment. Nothing in this Order should be read to express any view on the lawfulness of any future detention decision.

In light of the disposition herein, the Court declines to address Petitioner's remaining claim. See Xie v. LaRose, No. 25-3649, 2026 WL 92066, at *2 n.3 (S.D. Cal. Jan. 13, 2026) (similar disposition).

## D. Attorney's Fees

Petitioner has requested costs and attorney's fees in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See Petition at 21. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement

from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty (30) days of the judgment.

## IV.   ORDER

The Petition is **GRANTED** as follows:

1.   Respondents are **ORDERED** to release Petitioner Elshan Hajiyev (A# 220-726-653) from custody within three (3) days of the date of this Order, on the same conditions under which he was previously released. Petitioner's release is without prejudice to his obligation to appear at all subsequent hearings as required in his removal proceedings. Nothing in this Order limits the immigration court's authority to conduct those proceedings, to set additional conditions of release as appropriate under applicable authorities, or to re-detain Petitioner in compliance with applicable authorities.

2.   Upon his release, Respondents are **ORDERED** to return to Petitioner all of his possessions, documents, and other property.

3.   Respondents are **ORDERED** to file a Notice of Release within five (5) days confirming that Petitioner has been released.

Date: June 3, 2026

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

8